IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SCOTT PETERS, #M52851,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-00147-SMY |
| ) | |
| **J. B. PRITZKER,** ) | |
| **ROBERT JEFFREYS,** ) | |
| **FRANK LAWRENCE,** ) | |
| **A. WILLS,** ) | |
| **SERGEANT LUEHE,** ) | |
| **KEVIN FLORREICH,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Scott Peters, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):[1] Plaintiff is convicted of controversial issues that took place in his home that inflame the passions of IDOC staff and result in harassment with evil motive and intent. He was warned by a former U.S. Army solider

---

[1] The Complaint is replete with legal conclusions not supported by facts. The Court considers the factual allegations made in the Complaint and inferences supported by the attached documents but not Plaintiff's conclusory legal statements. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

and IDOC staff officer that someone was coming for him. A few days later, Sergeant Luehr and Correctional Officer Florreich conducted a shakedown of his cell. They removed his cellmate to avoid the presence of a witness. They stated they found contraband in his cell but failed to document and present evidence of their finding on form DOC 300. Plaintiff argued with Luehr and Florreich and stated they were targeting him due to "prejudicial dislike." He told them he did not own or possess the alleged contraband and asked them to produce the items.[2] Later, when asked to sign the disciplinary report, Plaintiff wrote "where's the evidence" on the refusal line.

Plaintiff filed a grievance on February 28, 2019 about the incident and the related disciplinary report. The grievance officer recommended the grievance be denied and the disciplinary action remain as imposed. Warden Lawrence concurred. Plaintiff's appeal to the Administrative Review Board was denied by IDOC Director Jeffreys.

On June 30, 2020, Plaintiff's cell was subject to a shakedown and a bottle of holy water blessed by a priest was taken without documentation. He filed a grievance and Wills concurred in the grievance officer's recommendation that the grievance be found moot.

Defendants failed to follow their own policies, procedures, and customs. Luehr and Florreich lied about contraband or failed to follow IDOC procedure that "all and any contraband found will be indicated on the DOC 300." The Adjustment Committee failed and refused to bring witnesses for the prosecution, Luehr and Florreich, to be cross-examined on the non-existent lost evidence. Warden Lawrence concurred in the Adjustment Committee's Final Summary Report.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Fourteenth Amendment due process claim against Luehr and Florreich for filing a false disciplinary report related to the February

---

[2] According to the Adjustment Committee Final Summary Report attached to the Complaint, "a broken pair of nail clippers fastened into a stinger and approx. 1 foot of copper wiring in a bag" was found in Plaintiff's property box.

|  |  |
|---|---|
|  | 13, 2019 shakedown of Plaintiff's cell. |
| Count 2: | Fourteenth Amendment due process claim because Plaintiff was denied the opportunity to cross-examine the witnesses against him in the disciplinary proceedings related to the February 13, 2019 shakedown of his cell. |
| Count 3: | Fourteenth Amendment due process claim for the Defendants policy of neglecting evidence in pleadings before the Adjustment Committee. |
| Count 4: | First and/or Fourteenth Amendment claim against IDOC Director Jeffreys, Warden Lawrence, and Assistant Warden Wills for denying Plaintiff's grievances. |
| Count 5: | Fourteenth Amendment due process claim for the confiscation of Plaintiff's property during a shakedown of his cell on June 30, 2020. |
| Count 6: | Claim for violation of IDOC policies and procedures. |

Any claim that is mentioned in the Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Plaintiff names Governor Pritzker as a defendant, alleging he is responsible for ensuring IDOC officials comply with the federal and state constitutions. Plaintiff may not bring a claim against Governor Pritzker based on the conduct of subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (a government official may not be held liable under Section 1983 on a theory of *respondeat superior* based on the unconstitutional conduct of a subordinate). Absent allegations describing personal conduct by Governor Pritzker in violation of Plaintiff's constitutional rights, a claim against him cannot proceed. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional

deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Accordingly, Governor Pritzker will be dismissed with prejudice.

## Discussion

### Counts 1-3

A false disciplinary ticket does not violate the Fourteenth Amendment if the inmate receives procedural due process in the disciplinary proceedings. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Accordingly, the claim in Count 1 is considered in conjunction with the claimed constitutional violations involved the disciplinary proceedings in Counts 2 and 3.

To state a Fourteenth Amendment claim related to disciplinary proceedings, Plaintiff must sufficiently allege that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing such a claim must consider (1) whether there was a protected interest at stake that necessitated due process protections and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*. Here, Plaintiff does not allege a protected interest was at stake. Further, the Adjustment Committee Final Summary Report shows Plaintiff received 2 months C grade and 2 months commissary restriction; neither of which implicates a protected interest. *See Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases) (there is no protected liberty interest implicated in demotion to C-grade status or loss of commissary privileges). As such, Counts 1-3 fail to state a claim and will be dismissed.

### Count 4

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling

of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). And, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, Plaintiff fails to state a viable claim against IDOC Director Jeffreys, Warden Lawrence, and Assistant Warden Wills for denying his grievances. Count 4 will be dismissed.

### Count 5

Plaintiff alleges that personal property was confiscated during a cell shakedown. To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. However, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims, and Count 5 will be dismissed with prejudice from this action.

### Count 6

Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or ... departmental regulations and police practices." *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *see also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). Thus, Plaintiff cannot use § 1983 to enforce IDOC regulations, policies, and/or procedures. *See*

*Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010).  Count 6 will be dismissed for failure to state a claim.

## Preliminary Injunction

Plaintiff seeks a preliminary injunction (Docs 1, 2) ordering Defendants to abandon policies, practices, and customs of constitutional deprivations and injury in disciplinary proceedings and appeals processes throughout IDOC and Menard.  In determining whether to grant preliminary injunctive relief, the Court must consider whether Plaintiff is likely to succeed on the merits of his claims.  *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020).  Because Counts 1-6 fail to state a claim, the Court cannot conclude that Plaintiff is likely to prevail on any of his claims.  The motion (Doc. 2) will therefore be denied.

## Disposition

Governor J. B. Pritzker is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a defendant.  Counts 1-6 and the Complaint are **DISMISSED without prejudice** for failure to state a claim for relief and Plaintiff's requests for preliminary injunction (Docs. 1, 2) are **DENIED**.

Plaintiff is **GRANTED** leave to file a First Amended Complaint within thirty days of the date of this Order.  The First Amended Complaint will be subject to review under § 1915A.  Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 21-147).  Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the

who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

7

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  June 16, 2021**

                                           *s/ Staci M. Yandle*
                                           **STACI M. YANDLE**
                                           **United States District Judge**